**3 pgs.**
CONLON & FONG
Tom Conlon - State Bar No. 178198
Robert W. Fong - State Bar No. 182959
6825 Fair Oaks Blvd., Suite 101
Carmichael, California  95608
Telephone: (916) 971-8880
Facsimile: (916) 481-3975

Attorneys for: Plaintiff(s),

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO AND MODESTO DIVISION

| | |
|---|---|
| In re: | Case No.   2009-34633 |
| Kevin J. Mounkes, | APN: |
|     Debtor(s). | |
| Kevin J. Mounkes, | |
|     Plaintiff, | |
| vs. | |
| Citimortgage Inc., aka Citibank, National Association | |
|     Defendant(s). | |

**COMPLAINT TO DETERMINE VALUE AND EXTENT OF LIEN**
**(NO MONETARY RECOVERY SOUGHT)**

Comes now Plaintiff(s) Kevin J. Mounkes, and allege as follows:

1. Plaintiff filed an original petition for relief under Chapter 13 of the Bankruptcy Code on July 15, 2009.

2. This adversary proceeding is brought in connection with Plaintiff's case under Chapter 13 of Title 11, case number 2009-34633, which is pending before this Court.

3. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. Sections

Case 12-02706    Filed 12/05/12    Doc 1

157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. Section 157(b)(2)(K) and (L).

4. In Debtor's bankruptcy schedules, Debtor lists among his assets his personal residence, commonly known as 3632 Sean Drive, Sacramento, CA 95821, with a fair market value of $235,000.00.

5. There existed a first deed of trust recorded and secured by a promissory note in favor of Wells Fargo Home Mortgage.  The amount owing to Wells Fargo Home Mortgage on the first deed of trust was $271,200.00 as of the filing date of the Chapter 13 Petition.

6. With a fair market value of $235,000.00, there is no equity value in excess of the first deed of trust.

7. Defendant Citimortgage Inc., and/or its successor, if any, held a second deed of trust recorded against Debtor's residence purporting to secure a promissory note with a total balance of $57,629.00.

8. As there is no equity in the Debtor's residence above the first deed of trust, the deed of trust held by Citimortgage Inc. is wholly unsecured and not secured by the Debtor's residence and has no value.

9. Debtor's confirmed Chapter 13 Plan provides that Defendant's lien shall be stripped upon completion of the Chapter 13 Plan.

10. Debtor has completed his Chapter 13 Plan and requested that Defendant release the lien and reconvey title on Debtor's property. Defendant has not released the lien.

11. As there is no equity in Debtor's residence above and beyond the first deed of trust, the deed of trust held by Citimortgage Inc. is wholly unsecured and not secured by Debtor's residence and has no value.

WHEREFORE, Debtor prays for relief as follows:

a. That the Court issue an Order finding the deed of trust recorded by Citimortgage Inc. to be an unsecured lien and therefore to be treated as an unsecured claim.

b. That the Court issue an Order finding that the deed of trust recorded by Citimortgage Inc. has no further force and effect as a secured lien against the Debtor's residential

1 | real property; and
2 |     c.    That the Court grants to Debtor(s) any other relief as may be deemed just.
3 |     Respectfully Submitted,
4 | Date: November 28, 2012                    CONLON & FONG
5 |
6 |                                    By:    /s/ Robert W. Fong
7 |                                           ROBERT W. FONG
                                              Attorneys for Debtor(s)